THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-6145 PA (PLAx) | Date | February 13, 2006 |
|---|---|---|---|
| Title | American Security Educators v. Miami-Dade County, *et al.* | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| C. Kevin Reddick | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by defendants Miami-Dade County, Miami-Dade Police Department, and Robert Parker ("Defendants"). (Docket No. 13.) Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing and Scheduling Conference calendared for February 13, 2006 are vacated, and the matters taken off calendar.

Plaintiff American Security Educators ("Plaintiff") alleges that Defendants committed willful copyright infringement of a publication titled, *9-1-1: How to Use 9-1-1 Emergency Services*. Defendants allegedly posted large portions of the publication on their website  Defendants assert that the website was intended for use only by Miami-Dade County residents. Defendants further assert that the website, which can be accessed in California, is their only contact with the state.

As an alternative to dismissal, Defendants' motion also requests a transfer to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Personal jurisdiction is typically decided before venue, but the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues. Leroy v. Great W. United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 61 L. Ed. 2d 464 (1979) ("when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue"). Because the parties raise several contentious issues with regard to personal jurisdiction, the Court finds it appropriate to decide Defendant's request for change of venue before considering the other matters raised by Defendants' motion.

Under § 1404(a), a court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." The § 1404 transfer analysis therefore involves consideration of (1) whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought," and, if it does, (2) whether transfer promotes the convenience of parties and witnesses and serves the "interest of justice."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-6145 PA (PLAx) | Date | February 13, 2006 |
| Title | American Security Educators v. Miami-Dade County, *et al.* | | |

With respect to the first prong of the § 1404 analysis, this action could have been brought in the Southern District of Florida. To meet this prong, subject matter jurisdiction must exist, venue must be proper, and Defendants must be subject to personal jurisdiction in the transferee court. Defendants are a municipality and municipal entity located in South Florida and an employee of the municipal entity. Plaintiff does not dispute that they are all subject to personal jurisdiction in the Southern District of Florida or that venue would be proper there.

In analyzing the second prong, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404 are met by the proposed transfer. At the most general level, the Court is primarily concerned with the three factors set forth in the statute itself – the convenience of the parties, convenience of the witnesses, and interest of justice. See E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). In evaluating these factors, a number of considerations may be taken into account, including (1) the plaintiff's choice of forum; (2) the relative ease of access to evidence; and (3) administrative considerations. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. See Jones, 211 F.3d at 498; E. & J. Gallo Winery, 899 F. Supp. at 466.

The moving party has the burden of showing that a transfer is warranted. Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp 503, 506 (C.D. Cal. 1992). Moreover, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989); accord Decker Coal Co., 805 F.2d at 843.

A. Plaintiff's Choice of Forum

On a motion for transfer, the plaintiff's choice of forum is generally given "great weight" and the defendant "must make a strong showing of inconvenience" to upset that choice. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); Decker Coal Co., 805 F.2d at 843. Plaintiff's choice is given less weight, however, where the chosen forum lacks any significant contact with the activities alleged in the complaint. According to the Ninth Circuit,

> [p]laintiff's choice of forum, then, is not the final word. In judging the weight to be given such a choice, as is the case with other types of actions, consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action. If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-6145 PA (PLAx) | Date | February 13, 2006 |
| Title | American Security Educators v. Miami-Dade County, *et al.* | | |

Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted); see also Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum").

Here, only Plaintiff is located in the Central District of California. Plaintiff's only claims that Defendants have contacts with this district are that individuals associated with the Defendants contracted to purchased the allegedly infringed material from Plaintiff and that Defendants maintains a website accessible to California residents. Nonetheless, the posting of allegedly infringing material on the website, occurred in Florida. Thus, the Court finds that the operative facts giving rise to Plaintiff's claim took place in the Southern District of Florida. Thus, Plaintiff's choice of forum weighs only slightly against transferring this action.

### B.   Convenience to the Parties

Plaintiff is located in the Central District of California and the Defendants are located in the Southern District of Florida. It does not appear that either party will be overburdened by litigating in either forum. Transferring the action to the Southern District of Florida would do little more than shift any inconvenience from Defendants to Plaintiff. This factor weighs neither in favor nor against transferring this action.

### C.   Convenience to the Witnesses

The convenience of transfer to the witnesses is often considered the "most important factor," especially because the relative conveniences to the parties most often balance. See Saleh, 361 F. Supp. at 1160; L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). In evaluating this factor, a court is required to look not just at the number of witnesses, but also the importance of each witness's testimony. See Saleh, 361 F. Supp. at 1161.

Here, Plaintiff has offered the names of no individuals who will likely present testimony in this matter while Defendants name nine individuals, all of whom are located in the Southern District of Florida, that may be called to testify. While Defendants do not provide a specific description of the testimony that could be offered by two of these individuals, William Heller and Bob Reyes, it appears that the seven other witnesses can all offer relevant and potentially important testimony. Two can testify as to the posting of allegedly infringing information on Defendants' website in 1999 and four can testify as to a second posting that occurred in 2005. Another individual, Defendants' legal advisor, can testify as to communications between Plaintiff and Defendants that caused Defendants to take down the information in 1999. All of this testimony is relevant because it describes the circumstances that Plaintiff claims amounted to a willful infringement of its copyright.

Plaintiff argues that most of these witnesses are employed by Defendants and that the testimony

Case 2:05-cv-06145-PA-PLA   Document 23   Filed 02/13/06   Page 4 of 4   Page ID #:38

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 05-6145 PA (PLAx)                                    Date   February 13, 2006

Title   American Security Educators v. Miami-Dade County, *et al.*

of the non-employee witnesses can be obtained by deposition. These arguments are unpersuasive, however, where Plaintiff cannot point to a single individual in the Central District whose testimony would be relevant. Because all of the relevant witnesses that have been identified to the Court are in the Southern District of Florida, this factor weighs strongly in favor of transferring this action.

C.   Relative Ease of Access to Evidence

Defendants claim that the physical evidence in this case, including the computers and servers used in posting the information on their website, is located in South Florida. There is no apparent need for the Court to access the computers and servers involved in this matter, and the Court finds that the physical evidence in this case can be accessed just as easily in the Central District of California as in the Southern District of California. This factor weighs neither in favor nor against transferring this action.

D.   Interest of Justice

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments. See 17 James Wm. Moore, Moore's Federal Practice § 111.13[1][n], at 111-90 (3d ed. 2004). In this case, the Court returns again to its conclusion that this action has almost no connection to the Central District of California. All of the operative facts occurred in South Florida and it appears that all of the relevant witnesses are also in South Florida. Additionally, there is a significant question as to whether this Court has personal jurisdiction over Defendants. Thus, transfer to the Southern District of Florida, which certainly has personal jurisdiction over Defendants, conserves judicial resources by allowing this Court to avoid that complicated jurisdictional issue. See Spherion Corp. v. Cincinnati Fin. Corp., 183 F. Supp. 2d 1052, 1059 (N.D. Ill. 2002) (noting that transfer would "conserve judicial resources and lead to a more expeditious resolution of this lawsuit by avoiding a personal jurisdiction quagmire"); Fort Knox Music, Inc. v. Baptiste, 139 F. Supp. 2d 505, 511-12 (S.D.N.Y. 2001) ("courts have found transfer particularly appropriate in circumstances where there is a substantial question as to whether a defendant is subject to their jurisdiction"). Taking into account all of these considerations, this factor weighs in favor of transferring this action.

Conclusion

Having considered all of the factors relevant to the § 1404 transfer analysis, the Court finds that transfer of this action to the Southern District of Florida is appropriate. For the foregoing reasons, the Court grants Defendants' request for transfer. The Clerk is ordered to transfer this action to the Southern District of Florida.

IT IS SO ORDERED.

Initials of Preparer